UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEVON YOUNG, | ) |
| Petitioner, | ) |
| v. | ) No. 1:15-cv-02013-SEB-TAB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ENTRY DISCUSSING POST-JUDGMENT MOTIONS**

**I.   Motion to Reconsider**

This § 2255 action was dismissed on the merits on March 30, 2018. The petitioner's motion to reconsider was filed on April 30, 2018. The petitioner brings this motion under Rule 59(e) of the Federal Rules of Civil Procedure.

To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Runnion v. Girls Scouts of Greater Chicago,* 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted). A Rule 59(e) motion does not allow

a party to "advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010).

In his § 2255 motion, the petitioner asserted and the Court analyzed fifteen (15) claims of ineffective assistance of counsel. He also filed supplemental pleadings which raised additional claims based on *Johnson v. United States,* 135 S. Ct. 2551 (2015), *Mathis v. United States,* 136 S. Ct. 2243 (2016), and *Alleyne v. United States,* 570 U.S. 99 (2013).

In his motion to reconsider, the petitioner argues that although he did not previously articulate it as a claim, counsel was ineffective by allowing him to proceed to trial and not plead guilty. He also rehashes his arguments relating to several of the claims he raised in his § 2255 motion. In addition, he contends that the Court erred in relying on the facts as described by the Seventh Circuit Court of Appeals and in not allowing him to present evidence at a hearing.

None of the petitioner's arguments satisfy the high standard required to succeed with a Rule 59(e) motion. He has not shown that the Court disregarded, misapplied, or failed to recognize controlling precedent. In addition, any additional claims of ineffective assistance of counsel could and should have been presented prior to judgment in this case. The petitioner was given ample opportunity to supplement his § 2255 motion with additional claims. Moreover, the Court was correct in finding that an evidentiary hearing was not warranted in this case. For these reasons, the petitioner's motion to reconsider, dkt. [33], is **denied.**

## II. Motion to Amend

The petitioner's motion to amend was filed on June 18, 2018, seeking to add a claim that is not related to any claim brought in the original § 2255 motion. The petitioner argues that his due process rights were violated when the federal prosecutor allegedly failed to maintain a proper oath of office as required by 28 U.S.C. § 543. The United States opposes the motion to amend.

Courts are to grant leave to amend freely "when justice so requires.'" Rule 15(a)(2) of the Federal Rules of Civil Procedure. Justice does not require a post-judgment amendment in this action for two reasons.

First, an amendment at this time is barred as untimely because it was filed long after the one-year statute of limitations expired. *Vitrano v. United States*, 721 F.3d 802, 807-08 (7th Cir. 2013). Second, "[t]he propriety of the proposed amendment should be viewed in light of AEDPA, which governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Id.* at 806. "The federal courts should police attempted end-runs around the successive petition limitations of § 2255." *Id.* (internal quotation omitted). The petitioner has had his "one full opportunity to seek collateral review." *Id.* Because the proposed new claim does not relate back to the original or supplemental motion to vacate, and because judgment was entered in this case on March 30, 2018, the amendment can only be viewed as a successive petition.

Under these circumstances, the petitioner's motion to amend, dkt. [34], is **denied for lack of jurisdiction** because it is in fact a second or successive motion that has not been authorized by the court of appeals. *See* 28 U.S.C. § 2255(h).

**IT IS SO ORDERED**.

Date: 11/5/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEVON YOUNG
23887-076
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov